IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALEXANDRA B. KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1357 (MN) |
| | ) |
| MARKETPLACE/BLUE CROSS | ) |
| HIGHMARK DELAWARE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Alexandra B. Kelly, Wilmington, Delaware. *Pro Se* Plaintiff.

Geoffrey Graham Grivner, BUCHANAN INGERSOLL & ROONEY P.C., Wilmington, Delaware. Counsel for Defendant.

December 11, 2019
Wilmington, Delaware

**NOREIKA, U.S. District Judge:**

Plaintiff Alexandra B. Kelly ("Plaintiff") appears *pro se* and has paid the filing fee. She commenced this action on July 22, 2019, against Defendant Market/Blue Cross Highmark Delaware ("Defendant") and asserts jurisdiction by reason of a federal question pursuant to 28 U.S.C. § 1331. (D.I. 2). Before the Court is Defendant's motion to dismiss or for a more definite statement and Plaintiff's request for counsel. (D. I. 9, 11). Briefing is complete.

## I.  BACKGROUND

Plaintiff alleges that "her insurance - purchased through the Marketplace - is too high because it is taking into account her husband even though he is not on it . . . ." (*Id*. at 3). Plaintiff further alleges that she

> applied for Obamacare through Marketplace and Highmark. When she did her taxes she found out she owes $26,000 dollars in taxes. Her husband had insurance and was denied coverage through Highmark but they are using his income even though I wasn't on the policy. A person representing [H]ighmark led her to believe that they were not going to use his income. When she signed up her husband just had knee replacement surgery and was laid-off. In the second half of the year he retired and got social security disability. This income was $5,300 dollars a month and was applied by the IRS. I am Victic por Domestic Balen.[1]

(*Id*. at 4-5).

Plaintiff alleges that she filed the Complaint because she was not informed the premiums would cost $2,500 per month more than the premium payments. (*Id*. at 9). She alleges that the person who sold her the policy did not disclose information about extra payments. (*Id*). The Civil Cover Sheet describes the action as "[f]raud charges for $30,000 for IRS for taxes because of Highmark." (D.I. 2-3).

---

[1]  This last sentence is in Spanish and it is believed that Plaintiff is stating she is a victim of domestic violence.

Plaintiff has filed numerous exhibits. (*See* D.I. 2, Exs. 4, 5; D.I. 3, Exs. 1, 2, 3, 6, 7; D.I. 7; D.I. 16). One exhibit advises Plaintiff by correspondence from Highmark Delaware dated February 8, 2019, that her health insurance coverage was terminated effective January 1, 2019 due to nonpayment of the required premium. (D.I. 2-1 at 4). Another exhibit indicates that Plaintiff was notified by Highmark Delaware by a February 11, 2019 account activity summary of the "member premium responsibility" in the sum of $1,505.26 (adjusted to $1,410.26 due to a previous balance) for the billing period March 1, 2019 to March 31, 2019. (D.I. 3). A third exhibit[2] provided information on premium tax credits and advised that the amount of premium tax credits is based on "the number of people in your household" which includes your spouse and any dependents claimed on your tax return and the household income for the year in which coverage is desired. (D.I. 3-1 at 1). The exhibit indicates that "the marketplace will send any advance of the premium tax credit directly to your insurance company, not to you." (*Id*.). The exhibit also provides information regarding reporting tax credits on federal tax returns. (*Id.* at 2).

For relief, Plaintiff "wants the IRS to just use her income to base her Obamacare Insurance." (*Id*. at 7). In a separate filing, Plaintiff asks for $25,000, as well as a refund, and interest. (D.I. 18).

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6)

When a plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). When presented

---

[2]    The exhibit is an English translation provided by the Latin American Community Center. (D.I. 3-1 at 1).

2

with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id*. at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). In addition, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated

3

into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).

B.     **Rule 12(e)**

Federal Rule of Civil Procedure 12(e) permits a defendant to move for a more definite statement "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonable be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "The basis for granting such a motion is unintelligibility, not lack of detail." *Sun Co., Inc. (R&M) v. Badger Design & Constructors, Inc*., 939 F. Supp. 365, 368 (E.D. Pa. 1996) (quotation omitted). A Rule 12(e) motion "shall point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

## III.    DISCUSSION

Defendant moves for dismissal for failure to state a claim upon which relief may be granted. Plaintiff responds that fraud was committed by Maria Carbral (presumably Defendant's employee), and that she would like to subpoena Carbral and Susan Jennette ("Jennette") who is employed at the State of Delaware Insurance Commissioner's Office. (D.I. 12).

The Complaint is not a model of clarity. First, it is far from clear that this Court has jurisdiction. As Defendant notes, the Complaint fails to support subject matter jurisdiction given that Plaintiff fails to identify which section, if any, of the Affordable Care Act, 42 U.S.C. §§ 18001, *et. seq*., Defendant allegedly violated. The Court does not have jurisdiction under 28 U.S.C. § 1331 when there are no allegations that Defendant violated a federal statute. As pled, it is not clear whether there is a claim under any federal statute. In addition, the Complaint alleges that both parties are residents of the State of Delaware. In light of the allegations, the Court does not have jurisdiction by reason of diversity of citizenship under 28 U.S.C. § 1332.

To the extent Plaintiff claims her insurance premium is too high, it is far from clear that the allegations state a plausible claim for relief. To the extent Plaintiff seeks relief from the IRS, it is not a named defendant in this action.

It appears that Plaintiff attempts to amend her complaint as she now alleges fraud in her opposition to the motion to dismiss. Plaintiff, however, may not amend through her opposition brief, and new facts may not be considered by the Court on the instant motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc*., 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

In light of the question of jurisdiction, combined with the pleading deficiencies, the Court will grant Defendant's motion to dismiss and will deny as moot the motion for a more definite statement.

Plaintiff will be given leave to amend to address this Court's subject matter jurisdiction and to cure her pleading deficiencies in the event she is able to articulate a claim against Defendant.

## IV.     REQUEST FOR COUNSEL

Plaintiff states, "I need a lawyer." (D.I. 9; 12). Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any personal unable to afford counsel. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding *in forma pauperis*.

Plaintiff paid the filing fee after the Court denied her request to proceed *in forma pauperis* based upon her annual income of $100,031. (*See* D.I. 1, 5). Plaintiff is not a pauper and, therefore, does not qualify for counsel under § 1915. The Court will deny her requests.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's requests for counsel (D.I. 9, 12); (2) grant Defendant's motion to dismiss and deny as moot the motion for a more definite statement (D.I. 11); and (3) give Plaintiff leave to file an amended complaint.

An appropriate order will be entered.