IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALEXANDRA B. KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1357 (MN) |
| | ) | |
| MARKETPLACE/BLUE CROSS | ) | |
| HIGHMARK DELAWARE, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>**MEMORANDUM ORDER**</u>

At Wilmington this 6th day of January 2020, having considered Plaintiff's motion for reconsideration for missing documents (D.I. 21);

IT IS HEREBY ORDERED that the motion (D.I. 21) is **DENIED** for the following reasons:

1.      Plaintiff proceeds *pro se* and has paid the filing fee.   On December 11, 2019, the Court denied Plaintiff's requests for counsel and granted Defendant's motion to dismiss. (D.I. 20).   Plaintiff was given leave to file an amended complaint on or before January 31, 2020. (*See id*.).

2.      On December 30, 2019, Plaintiff filed a motion for reconsideration for missing documents.   (D.I. 21).   The motion is unintelligible.

3.      The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).   "A proper Rule 59(e) motion . . . must rely on one of three grounds:   (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Lazaridis v.*

*Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).   A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.  *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).   Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."  *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).   Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension."   *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

4.       The Court is unable to read Plaintiff's filing.   Therefore the Court is unable to discern whether Plaintiff set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by the Court to warrant granting reconsideration.   *See Max's Seafood Café*, 176 F.3d at 677.   Accordingly, the motion will be denied.

The Honorable Maryellen Noreika
United States District Judge